UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-84 |
| | ) | (JORDAN/SHIRLEY) |
| WILLIE JOHNNY ODOMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on August 30, 2006, for a hearing on the Motion To Substitute Counsel [Doc. 12], filed on August 23, 2006, by Attorney Elizabeth Ford, appointed counsel for Defendant. Ms. Ford was present for Defendant, who was also present. Assistant United States Attorney Tracee Plowell appeared on behalf of the government.

The Court conducted a sealed, *ex parte* hearing with Defendant and Ms. Ford in order to determine the extent of any conflict between them. Without going into the confidential and private nature of that discussion, the Court concluded that good cause exists to allow Ms. Ford to withdraw and to appoint new counsel for Defendant. The Court finds that due to the conflict between Defendant and counsel, Defendant's trust in Ms. Ford has been seriously eroded. The loss of trust in the attorney-client relationship has compromised beyond repair Ms. Ford's ability to

1

present an adequate defense and to render effective assistance of counsel.

Having conducted a hearing as to the appropriate factors set forth in <u>United States v. Iles</u>, 906 F.2d 1122, 1130 (6th Cir. 1990), and applying those to this case, I find that good cause exists to grant defense counsel's Motion To Substitute Counsel [**Doc. 12**], the same is **GRANTED**, and Ms. Ford is relieved as counsel for Defendant. <u>See</u> <u>Wilson v. Mintzes</u>, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Based upon the Court's inquiry into the nature of the problems with the attorney-client relationship, the Court believes that the appointment of new counsel is likely to resolve the conflict rather than prolong it. At the August 30, 2006 hearing, Attorney Russell Greene appeared and agreed to accept representation of Defendant. The Court therefore and hereby substitutes and appoints Mr. Greene under the Civil Justice Act (CJA) as counsel of record for Defendant Odoms.

At the conclusion of the August 30 hearing, Defendant requested an extension of the motion deadline. The government did not object to the requested extension. Accordingly, a new motion deadline is set for **September 8, 2006**. Responses are due by **September 15, 2006**. The **September 18, 2006** pretrial conference/motion hearing and the **October 10, 2006** trial shall remain the same at this time.

Accordingly, it is **ORDERED:**

(1) Defendant's Motion To Substitute Counsel [**Doc. 12**] is **GRANTED**;

(2) Attorney Elizabeth Ford is **RELIEVED** of her representation of Defendant, and Attorney Russell Greene is **SUBTITUTED** as Defendant's CJA attorney of record;

(3) A new motion deadline is set for **September 8, 2006**;

(4) Responses are due by **September 15, 2006**; and

(5) A pretrial conference/motion hearing is set for **September 18, 2006, at 1:30 p.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

3