IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:06-CR-84 |
| ) | |
| WILLIE JOHNNY ODOMS ) | |

## **MEMORANDUM AND ORDER**

This criminal case came before the court for trial on February 13, 2007. On Monday, February 12, 2007, the afternoon before trial, the defendant filed a motion in limine seeking the exclusion of discovery materials provided to him on February 7 and 9, 2007 [doc. 27]. Of particular concern were two tape recordings made by police officers at the time of the defendant's arrest (on June 29, 2006) containing oral statements of the defendant and a fingerprint analysis report. The government filed a response [doc. 30].

The defendant argued that he was entitled to disclosure of his own oral statements and reports of examinations by the discovery cutoff last August, and the late disclosure irreparably harms his defense. The remaining materials that were provided on February 9, 2007, were Jenck's Act materials, and the defendant concedes that these materials are not at issue.

The government admittedly made no effort to discover the tape recordings or fingerprint analysis until last week when it began trial preparations, but claims it was negligence on its part, not bad faith, to not have discovered the existence of the recordings until last week. The government argued that suppression of the materials would be too harsh a remedy, and a continuance would be a more reasonable.

Following argument on the defendant's motion, the court orally overruled the defendant's motion to suppress the tape recording provided on February 7, 2006, but granted the defendant's motion as to the tape recording and fingerprint analysis provided on February 9, 2006. At that time, the government made an oral motion for a stay and informed the court that the government would be seeking an interlocutory appeal on the suppression issue. Because the government threatened to further delay this criminal matter, the court granted the defendant's motion for a continuance to give the defense an opportunity to consider the late-disclosed materials. The thirty jurors who had been called to serve were sent home.

The court's Order on Discovery and Scheduling provides, in relevant part, that the following should be provided to the defendant by **August 7, 2006**:

> A. The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, <u>the existence of which is known or by the exercise of due</u>

<u>diligence may become known to the attorney for the government</u>:
    1. Any relevant written or recorded statements made by the defendant . . . made by the defendant before or after arrest in response to interrogation by any person then known to the defendant as a government agent.
. . . .
    3. Results or reports . . . of scientific tests, including, without limitation, any . . . experiments which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, <u>as soon as possible by at least three weeks before trial, unless the Court orders otherwise</u>.

B. The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, <u>the existence of which is known or by the exercise of due diligence may become known to the attorney for the government</u>:
    1. The substance of any other relevant oral statement made by defendant before or after his arrest in response to interrogation by a then known to be government agent if the government intends to use that statement at trial.

Based on the government's statements during oral argument, the court finds that the government did not exercise its due diligence, and the result is a further delay of the defendant's criminal trial. The suppression of the evidence, particularly the tape recording of the defendant's statements provided to the defendant one business day before trial, would have been more than justified. However, given the government's threat to further delay this criminal case by taking an interlocutory appeal, an interlocutory appeal based entirely on the

3

government's lack of due diligence, the only course left to the court was to continue the case to allow the defendant time to prepare in light of the new evidence. The defendant is in custody, and an interlocutory appeal could well have kept him in custody for many more months before he would have his day in court.

Therefore, it is hereby **ORDERED** that the defendant's motion in limine is **DENIED**, but the defendant's motion for a continuance is **GRANTED**, and the trial of this criminal case is set for March 12, 2007 at 9:00 a.m. The court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial, and all the time from the filing of the defendant's motion until the new trial date is excludable time. 18 U.S.C. § 3161(h)(8)(A).

It is further **ORDERED** that the United States Attorney's Office shall **SHOW CAUSE** in writing on or before February 20, 2007, why it should not be ordered to pay for the cost of the jury because its lack of due diligence, resulting in a delay of the trial.

ENTER:

        *s/ Leon Jordan*
United States District Judge