UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIE JOHNNY ODOMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:06-CR-84-RLJ-CCS-1 |
| | ) | 3:17-CV-08-RLJ & 3:16-CV-678-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Willie Johnny Odoms which challenges his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent en banc decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, petitioner's § 2255 motion [Doc. 84] will be **GRANTED.**

---

[1] By order dated December 5, 2016, the Sixth Circuit authorized the Court to consider petitioner's proposed second or successive §2255 motion, finding that petitioner has made a prima facie showing that his *Johnson* claim relies on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2) [Doc. 83]. The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

**I.     BACKGROUND**

On July 5, 2006, a grand jury sitting in the Eastern District of Tennessee returned a two-count indictment charging petitioner at count one with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e); and, at count two with possession of body armor by a convicted felon, in violation of 18 U.S.C. § 931(a)(1).  On March 12, 2007, petitioner was convicted by a jury verdict of guilty at both counts [Doc. 41].

The presentence investigation report ("PSIR") identified four previous convictions for a violent felony, committed on occasions different from one another, that qualified petitioner as an armed career criminal under the ACCA: (1) a 1996 conviction for aggravated burglary in the Knox County, Tennessee, Criminal Court [PSIR ¶ 35]; (2) a 1996 conviction for aggravated burglary in the Knox County, Tennessee, Criminal Court [PSIR ¶ 36]; (3) a 1995 conviction for robbery in the Anderson County, Tennessee, Criminal Court [PSIR ¶ 37]; and, (4) a 1995 conviction for armed carjacking in the United States District Court for the Eastern District of Tennessee [PSIR ¶ 39].  As an armed career criminal, petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life at count one and his advisory guideline range was calculated as 235 to 293 months [PSIR ¶¶ 58, 59].

On August 6, 2007, petitioner was sentenced to a term of imprisonment of 235 months, consisting of 235 months at count one and 36 months at count two, to be served concurrently, and a term of supervised release of five years, consisting of five years at count one and three years at count two, to run concurrently [Doc. 47].  Petitioner's sentence was affirmed on direct appeal by the Sixth Circuit Court of Appeals on August 11, 2009 [Doc. 53].

Petitioner filed his first § 2255 motion on August 9, 2010, stating numerous grounds for relief including, *inter alia*, a claim of ineffective assistance of counsel for failure to challenge his

armed career criminal status [Doc. 59]. On April 11, 2013, the Court denied petitioner's motion [Docs. 76 and 77]. Petitioner did not seek a certificate of appealability.

On June 20, 2016, petitioner, through court-appointed counsel, filed a proposed second § 2255 motion raising a new challenge to his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 80]. The Court transferred that motion to the Sixth Circuit for certification pursuant to 28 U.S.C. § 1631 [Doc. 81 and 82]. On December 5, 2016, the Sixth Circuit granted petitioner's request for certification and authorized this Court to consider petitioner's proposed application for relief. [Doc. 83].

On December 7, 2016, petitioner's second § 2255 motion challenging his armed career criminal designation under *Johnson* was filed as authorized by the Sixth Circuit [Doc. 84]. The government's motion to defer ruling on petitioner's motion pending an en banc decision from the Sixth Circuit in *United States v. Stitt*, 646 Fed. App'x 454 (6th Cir. 2016), was granted by the Court on February 27, 2017 [Doc. 87]. On June 27, 2017, the Sixth Circuit issued its en banc decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *United States v. Stitt*, 860 F.3d at 856.

On July 17, 2017, the parties filed a joint status report agreeing that petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 90].

**II.    ANALYSIS**

    **1.   TIMELINESS**

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category – the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S.Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381-85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, petitioner filed his proposed § 2255 on June 20, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

**2. STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on

direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### 3. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-

5

physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and thus is invalid—if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, two of Petitioner's four predicate offenses were convictions for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [PSR ¶ 35 and 36]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the en banc *Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860-61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of §924(e)(2)(B),[2] and *Johnson* invalidated the residual clause, petitioner's aggravated burglary convictions under the Tennessee statute can no longer be used as predicate

---

[2] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 90 p. 2].

offenses under the ACCA. Furthermore, absent those convictions, petitioner no longer has the requisite three prior convictions of a violent felony necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 235-month term of imprisonment and 5-year term of supervised release imposed by this Court at count one of the indictment exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to §2255 relief, as petitioner has been subjected at count one to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, the parties submit that the appropriate relief would be to correct petitioner's sentence at count one to a sentence of time served and to reduce the supervised release term imposed at that count to 3 years. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and will enter an order accordingly.

### 4. CONCLUSION

For the reasons set forth herein, the Court finds that petitioner is entitled to relief under § 2255 and will grant petitioner's § 2255 motion [Doc. 84]. As petitioner already has served approximately 132 months in prison [Doc. 90 p. 2], a total exceeding the ten-year custodial

maximum applicable to him post-*Johnson*, petitioner's term of imprisonment will be corrected and reduced to a sentence of "time served" at count one of the indictment.[3] While petitioner is entitled to discharge from custody, this order will not take effect until 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the Judgment dated August 6, 2007 [Doc. 47], will be amended to reflect a term of supervised release of 3 years at count one of the indictment, to run concurrently with the 3-year term previously imposed at count two. In all other respects, the Judgment dated August 6, 2007, shall remain in full force and effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[3] Petitioner already has served the 36-month concurrent term of imprisonment imposed at count two of the indictment in its entirety.